UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SCOTT R. PALMENTA,                          :
    Plaintiff,                          :
                                        :
    v.                                  :    Case No. 3:18-cv-786 (SRU)
                                        :
LISA R. STEVENS, SENIOR ASSISTANT           :
PUBLIC DEFENDER,                            :
    Defendant.                          :

## INITIAL REVIEW ORDER

Scott R. Palmenta ("Palmenta") is incarcerated at Willard-Cybulski Correctional

Institution.  He has filed a motion for appointment of counsel, a motion to freeze assets and a

civil complaint under 42 U.S.C. § 1983 naming Senior Assistant Public Defender Lisa R.

Stevens as a defendant.  For the reasons set forth below, the complaint is dismissed and the

motions for appointment of counsel and to freeze assets are denied.

**I.    Standard of Review**

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any

portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief

may be granted, or that seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  Although detailed allegations are not required, the complaint must include

sufficient facts to afford the defendants fair notice of the claims and grounds upon which they are

based and to demonstrate a plausible right to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555–56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its

face." *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "[p]*ro se* complaints

'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"

*Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90. 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## II.     Facts

Palmenta alleges that Assistant Public Defender Lisa Stevens represented him prior to and during the trial in his Connecticut criminal case, *State v. Palmenta*, Case No. S01S-CR16-0190101-S.  *See* Compl., ECF No. 1, at 6 ¶¶ 4, 7–9.  On February 15, 2017, Assistant Public Defender Stevens filed motions to dismiss, to suppress, *in limine*, and for uncharged misconduct.  *See id.* ¶¶ 4, 6.  The court never ruled on the motions.  *See id.* ¶ 4.  The State of Connecticut offered Palmenta a plea deal on March 27, 2017.  *See id.* ¶ 6.  Palmenta claims that he could not consider the offer because the court had not ruled on motions filed by Assistant Public Defender Stevens.  *See id.* ¶ 7.

Palmenta's criminal trial began on April 27, 2017.  *See id.* at ¶ 9.  That day, the State of Connecticut filed an amended information charging Palmenta with one count of burglary in the third degree.  *See id.*  At the conclusion of the trial, on April 28, 2017, a jury found Palmenta guilty of burglary in the third degree and of being a serious felony offender.  *See id.* at 27, 39; *State v. Palmenta*, Case No. S01S-CR16-0190101-S (Conn. Super. Ct. Apr. 28, 2017) (Verdict Date).[1]  On October 6, 2017, a judge imposed a seven-year sentence to be served consecutively to the sentence that Palmenta was serving at the time.  *See id.* at 7, 9, 39–40.

---

[1]  Information regarding Palmenta's April 28, 2017 conviction and sentence may be found at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up, Criminal/Motor Vehicle, Convictions – by Docket Number using S01S-CR16-0190101-S.

On October 16, 2017, Assistant Public Defender Stevens informed Palmenta that the court would consider a modification to his sentence to reduce the sentence to a one-year consecutive sentence. *See id.* at 43. Palmenta would serve the one-year sentence at the expiration of the sentence that Palmenta was serving at the time. *See id.* In exchange for the sentence modification, Palmenta was required to agree to waive his rights to appeal the conviction and sentence, to file a habeas petition challenging the conviction and sentence, and to file an application for sentence review. *See id.* at 44. On October 24, 2017, Palmenta filed an application for sentence modification to reduce his sentence to one-year of imprisonment to be served consecutively to the sentence that he was serving at the time. *See id.* at 46. On November 27, 2017, a judge granted the application absent objection. *See id.* at 46, 53–56. The sentence modification was conditioned on waiving any claims that might be asserted on appeal, in a habeas petition or in an application for sentence review. *See id.*

III.    **Discussion**

The complaint asserts that during her representation of Palmenta in connection with his Connecticut criminal case, *State v. Palmenta*, Case No. S01S-CR16-0190101-S, Assistant Public Defender Stevens was ineffective in multiple ways. Palmenta claims that Assistant Public Defender Stevens failed to: interview witnesses prior to trial, cross-examine witnesses, object to evidence offered by the State of Connecticut for admission during the trial, pursue motions filed prior to trial, challenge the information and amended information, ensure that DNA and fingerprint evidence was processed before trial, and object to the instructions given to the jury by the judge at the end of the trial. *See id.* at 67. Palmenta further asserts that Assistant Public

3

Defender Stevens conspired with the State of Connecticut to violate his constitutional rights. *See id.* at 6 ¶ 3. For relief, Palmenta seeks monetary damages.

Section 1983 creates a private federal cause of action against any person, acting under color or state law, who deprives an individual of federally or constitutionally protected rights. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim for relief under section 1983, a plaintiff must allege that: (1) he or she was "deprived of a right secured by the Constitution or laws of the United States," and (2) the "deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). To demonstrate state action, a plaintiff must establish both that his or her "alleged constitutional 'deprivation [was] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Id.* at 50 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Generally, a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Harrison v. New York*, 95 F. Supp. 3d 293, 328-29 (E.D.N.Y. 2015) (public defenders and court-appointed counsel do not act under color of state merely by virtue of their position) (collecting cases). A public defender who conspires with a state official to deprive a criminal defendant of his constitutional rights, however, may be deemed to be acting under color of state law. *See Tower v. Glover,* 467 U.S. 914, 920–22 (1984).

The conduct of Assistant Public Defender Stevens as described in the complaint falls within the "traditional function" of a public defender as counsel to plaintiff in connection with

his state criminal case. Palmenta generally asserts that Assistant Public Defender Stevens conspired with the State of Connecticut to deprive him of his constitutional rights. The Second Circuit has held that a conclusory and unsupported allegation that a private individual or entity acted together with a state actor is insufficient to state a claim under section 1983 against the private individual or entity. *See Brown v. Legal Aid Soc*., 367 F. App'x 215, 216 (2d Cir. 2010) ("To the extent Brown attempts to avoid Dodson's limitation by alleging that the public defenders in his case conspired with a state court judge to pursue his illegal prosecution, . . . this conspiracy allegation is wholly conclusory and, as such, insufficient even at the pleading stage to establish that the public defenders were acting under color of state law."); *Ciambriello v. County of Nassau,* 292 F.3d 307, 324 (2d Cir. 2002) ("Absent from Ciambriello's complaint are any factual allegations suggesting that CSEA conspired with the County.") (citations omitted). Palmenta has failed to plead any nonconclusory facts showing that Stevens was conspiring with state actors during her representation of him. *See Hutchins v. Camardella*, No. 3:16-CV-00999 (JAM), 2017 WL 6731715, at \*2 (D. Conn. Dec. 29, 2017) ("Nor has plaintiff alleged in anything but conclusory terms that his public defenders conspired with state actors, such that they should be deemed to be state actors liable under § 1983.") (citations omitted). Furthermore, even if the court were to conclude that Palmenta had sufficiently alleged that Assistant Public Defender Stevens had conspired with state actors during her representation of him in his state criminal trial, the claim against her would be barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486–88 (1994).

To recover damages under section 1983 for an unconstitutional conviction or imprisonment, a plaintiff "must prove that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal ..., or called into question by ... the issuance of a [federal] writ of habeas corpus." *Heck*, 512 U.S. at 486–87. Although Palmenta does not directly challenge the lawfulness of his conviction, if the court were to conclude that the alleged acts or omissions of Assistant Public Defender Stevens that occurred prior to and during Palmenta's criminal trial constituted ineffective assistance of counsel, Palmenta's conviction would necessarily be called into question. Because Palmenta has not demonstrated that his conviction has been reversed or declared invalid, the claims for money damages are barred by *Heck*. Accordingly, the claims against Assistant Public Defender Stevens are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

**It is hereby ordered that:**

(1)     The claims against Senior Assistant Public Defender Lisa R. Stevens are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Motions for Appointment of Counsel, [**ECF No. 3**] and Motion to Freeze Any and All Assets of the Defendant, [**ECF No. 12**] are **DENIED** as moot. If Palmenta chooses to appeal this decision, he may not do so *in forma pauperis,* because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

(2)     The Clerk is directed to enter judgment for the defendant and close this case.

So ordered

Dated at Bridgeport, Connecticut, this 21st day of September 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge